IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARI'S BERRIES INTERNATIONAL, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ARI MANSONHING, an individual d/b/a LA BERRIES; and DOES 1-30,<br><br>　　　　　　Defendants. | 02:06-cv-0768-GEB-GGH<br><br>ORDER[*] |

　　　　Defendant moves to dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3), or alternatively for an order transferring this action to the Central District of California under 28 U.S.C. § 1406 or 1404.  Plaintiff opposes the motion.

## BACKGROUND

　　　　Plaintiff is a California corporation in the business of selling chocolate-dipped strawberries whose principal place of business is in Roseville, California.  (Compl. ¶ 5.)  Defendant is an

---

[*] This motion was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

1  individual, and former business associate of Plaintiff, doing business
2  in Studio City, California.  (Id. ¶ 6.)
3          In 1999, Defendant sought to become a retail outlet for
4  Plaintiff's products.  (Id. ¶ 12.)  Thereafter, Plaintiff and
5  Defendant "entered into oral and written agreements whereby
6  [Plaintiff] granted [Defendant] a nonexclusive license to use
7  [Plaintiff's trademarks] and to sell products under the name
8  "Shari's Berries."  (Id.)  The parties agreed to limit Defendant's
9  territory to Los Angeles County.  (Id.)
10         Pursuant to their agreements, Plaintiff "trained [D]efendant
11 and [Defendant's] employees on the production, promotion, sale[,] and
12 delivery of [Plaintiff's various] product[s]."  (Id.)  Plaintiff also
13 "disclosed to [Defendant] production techniques, product
14 presentations, advertising strategies, advertising copy, plans, web
15 page design and layout, supplier names[,] and other information of a
16 confidential and proprietary nature . . . ."  (Id.)  In return,
17 Defendant "promised to disclose to [Plaintiff her] yearly sales
18 reports . . . , and to pay royalty fees, calculated on th[at] regular
19 disclosure . . . ."  (Id. ¶ 13.)
20         Defendant failed to "regularly report her sales" and "pay
21 full royalty fees" as required by her agreements with Plaintiff.  (Id.
22 ¶ 14.)  Consequently, Plaintiff notified Defendant on
23 January 14, 2006, that she must disclose her 2005 sales and make the
24 required royalty payments, or discontinue using Plaintiff's trademarks
25 and confidential information by January 31, 2006.  (Id. ¶ 14.)  On
26 March 7, 2006, Defendant responded to Plaintiff's demand by letter,
27 stating "that she was severing 'all business relationships with
28

Shari's Berries', [sic] and . . . that 'as of January 1, 2006, [she] [had] ceased using [the] Shari's Berries name.'" (Id. ¶ 14.)

Plaintiff learned that Defendant "had in fact not ceased using [the] Shari's Berries name" and continued to use Plaintiff's trademarks and confidential information in her business. (Id. ¶ 15.) Specifically, Defendant's signage, products, promotional materials, and menus continued to use the name "Shari's Berries," as well as other trademarks of Plaintiff. (Id.) On or about March 28, 2006, Plaintiff advised Defendant in writing that she must cease using Plaintiff's trademarks and confidential information, or Plaintiff would bring an appropriate legal action. (Id. ¶ 16.)

Plaintiff alleges that Defendant has not ceased using Plaintiff's trademarks and confidential information, and brought the present action to recover damages and enjoin Defendant's wrongful conduct. Plaintiff has brought claims against Defendant for copyright infringement, trademark infringement, misappropriation of trade secrets, false designation of origin, false advertising, intentional interference with prospective business advantage, tortious interference with business expectancy, unfair competition, unfair trade practices, breach of contract, and breach of the covenant of good faith and fair dealing.

## DISCUSSION

Plaintiff bears the burden of showing that venue is proper in the chosen district. Koresko v. Realnetworks, Inc., 291 F. Supp. 2d 1157, 1160 (E.D. Cal. 2003); see also Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). "When there are multiple . . . claims in an action, the plaintiff must establish that

1 venue is proper as to . . . each claim." <u>Multimin USA, Inc. v. Walco</u>
2 <u>Internation, Inc.</u>, 2006 WL 1046964, *2 (E.D. Cal. April 11, 2006).

3       Plaintiff argues venue is appropriate in this district for
4 two reasons.  First, venue is proper under 28 U.S.C. § 1391(b)(2)
5 since a substantial part of the events or omissions giving rise to
6 Plaintiff's claims occurred in this district.  Second, venue is proper
7 under 28 U.S.C. § 1400(a) for Plaintiff's copyright claim and "pendent
8 venue" may be exercised over Plaintiff's other claims.

9 I.   <u>Section 1391(b)(2)</u>

10       Venue is proper under section 1391(b)(2) in any district "in
11 which a substantial part of the events or omissions giving rise to the
12 claim occurred."  28 U.S.C. § 1391(b)(2).  "Section 1391(b)(2) does
13 not require that a majority of the events have occurred in the
14 district where suit is filed, nor does it require that the events in
15 that district predominate."  <u>Rodriguez v. California Highway Patrol</u>,
16 89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000).  Plaintiff must only show
17 that a substantial part of the events giving rise to its claims
18 occurred in the Eastern District of California.  <u>See</u> <u>id.</u>

19       It is clear from the Complaint that virtually all of
20 Defendant's activities relating to Plaintiff's claims took place in
21 the Central District of California.  Plaintiff's opposition to the
22 motion confirms this.  With one exception discussed below, Plaintiff's
23 opposition merely recites the history of its relationship with
24 Defendant and states "Plaintiff has had substantial contact with this
25 district, and Plaintiff's claims substantially arise in this
26 district."  (Opp'n at 9.)

27       Plaintiff did indicate in its opposition that Defendant's
28 allegedly "interactive" webpage which, "until recently," contained

4

1  Plaintiff's "copyrighted text, photographs and layout" may provide a
2  basis for venue in the Eastern District of California for its
3  copyright and trademark infringement claims.[1]  (Id.)  This webpage
4  contained a toll-free number and an email address for potential
5  customers to reach Defendant.  However, the webpage does not allow
6  customers to place online orders or engage in transactions with
7  Defendant.  Such a passive webpage does not support finding venue
8  proper.  See Equidyne Corp. v. Does, 279 F. Supp. 2d 481, 488 (D. Del.
9  2003) (holding a website's feature allowing information sharing
10 "similar to email exchanges" was insufficient to conclude a
11 "'transaction' or act" occurred in the district which would justify
12 finding of venue); Miller v. Asensio, 101 F. Supp. 2d 395, 406
13 (D.S.C. 2000) (holding a finding of venue was unsupported by a website
14 that permitted "[d]efendants [to] merely post[] information[,]" but
15 did not permit "information [to be] exchanged with the host computer,
16 nor [permit] the reader [to] enter into contracts with
17 [d]efendants . . . or download, transmit, or exchange files").
18      Plaintiff has not identified any other events or omissions
19 occurring in this district that gave rise to its claims.  Plaintiff's
20 recitation of historical facts, mention of Defendant's webpage, and
21 legal conclusions are insufficient to meet its burden of showing a
22 substantial part of the events or omissions giving rise to its claims
23 occurred in the Eastern District of California.  Therefore, Plaintiff
24 has not met its burden of showing venue is proper under section
25 1391(b)(2) for any of its claims.
26 ////
27 ─────────────
28    [1]  A printed copy Defendant's webpage is attached to the Complaint as Exhibit H.

## II. Section 1400(a) and "Pendent Venue"

Venue for a copyright claim "is proper [under section 1400(a)] in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc., 106 F.3d 284, 289 (9th Cir. 1997), overruled on other grounds by Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 347 (1998). Even assuming arguendo Defendant would be subject to personal jurisdiction in the Eastern District of California, Plaintiff must still demonstrate that venue here is proper for its non-copyright claims. Plaintiff asserts venue is proper for its non-copyright claims under the doctrine of "pendent venue."

"On occasion, where venue exists for the principal cause of action, courts have agreed to adjudicate closely related claims even if they lacked an independent source of venue. The rationale for this 'pendent venue' theory is that it is more efficient for one court to adjudicate all claims involving substantially the same proofs." Save Our Cumberland Mountains, Inc. v. Clark, 725 F.2d 1422, 1431 (D.C. Cir. 1984) (citations omitted). "Whether to apply the principle of pendent venue in any given case is a discretionary decision . . . ." Beattie v. United States, 756 F.2d 91, 103 (D.C. Cir. 1984). Although the operative facts of Plaintiff's claims overlap to some extent, "[t]he proofs necessary to adjudicate the[] . . . claims are [] dissimilar." Save Our Cumberland Mountains, Inc., 725 F.2d at 1431; and see Perfect 10 v. Google, Inc., 416 F. Supp. 2d 828, 843 (C.D. Cal. 2006) ("Trademark infringement typically concerns issues not applicable to copyright infringement . . . .") Thus, "these claims are [not] so closely related that they justify adoption of a pendent

venue theory." Id. Therefore, venue in this district is improper for Plaintiff's non-copyright claims.

III. Section 1406 and 1404 Transfer

Where venue is improper, the district court has discretion to dismiss the claims under Rule 12(b)(3) or transfer the claims in the interests of justice to an appropriate district under 28 U.S.C. § 1406(a). See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992) (indicating the district court evaluates whether the filing "smacks of harassment [or] bad faith on the plaintiff's part" when deciding between dismissal or transfer). Even when venue is proper, the district court may transfer claims to an appropriate district under 28 U.S.C. 1404(a) based upon an "individualized, case-by-case consideration of convenience and fairness." Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citation omitted).

In this case, venue may be proper for Plaintiff's copyright claim under section 1400(a), but is improper for Plaintiff's other claims. Because there is no evidence that Plaintiff was acting in bad faith when this action was filed and because a transfer would likely avoid the expenditure of unnecessary time and resources, the interest of justice favors transfer rather than dismissal. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962); In re Hall, Bayoutree Assocs., Ltd., 939 F.2d 802, 806 (9th Cir. 1991). Under section 1406(a), a district court may transfer claims filed in an improper venue "to any district . . . in which [they] could have been brought." The Central District of California is a forum where Plaintiff's non-copyright claims could have been brought. See 28 U.S.C. § 1391(b)(1). Therefore, Plaintiff's non-copyright claims will be transferred to that district.

"Given that [Plaintiff's non-copyright claims] cannot be prosecuted here [and will be transferred], both the interests of justice and judicial economy militate in favor of the exercise of . . . discretion [under section 1404(a)] to also transfer [Plaintiff's copyright claim, and therefore the entire action,] . . . to the [Central District of California]."  Harris v. Parsons Brinckerhoff Quade & Douglas, Inc., 2006 WL 1892399, *2 (D. Md. June 28, 2006).  "[T]he desirability of trying all of [Plaintiff's] claims in a single forum" and the fact that the vast majority of events giving rise to this action occurred in the Central District support transfer.  Burstein v. Inside-Out Bodywear, Inc., 1983 WL 1258, *5 (S.D.N.Y. Jan. 11, 1983); see also Schmidt v. Delta Airlines, Inc., 1999 WL 179469, *2 (E.D. La. March 31, 1999) (transferring entire action where venue was improper as to one claim since "[t]ransfer of the entire case to a court where venue is proper for all claims w[ould] allow for the most efficient resolution of th[e] matter").  Therefore, Plaintiff's entire action is transferred to the Central District of California.

IT IS SO ORDERED.

Dated: August 16, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge